UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> SUNI MUNSHANI ) <br> ) | **04 CR 10158 JLT** <br> CRIMINAL NO. <br><br> 18 U.S.C. § 401(1) <br> (Criminal Contempt) <br> 18 U.S.C. § 1503 <br> (Obstruction of Justice) <br> 18 U.S.C. § 2 <br> (Aiding and Abetting) |

INDICTMENT

INTRODUCTION

The Grand Jury charges that:

1. At all times material to this Indictment, SUNI MUNSHANI ("Munshani") was an individual who resided at 14 Wells Hill Road, Easton, Connecticut, 06612.

2. At all times material to this Indictment, TERAGO COMMUNICATIONS, INC. ("Terago") was a high technology company based in Andover, Massachusetts.

3. At all times material to this Indictment, SIGNAL LAKE VENTURE FUND II LP ("Signal Lake") was a venture fund which was managed by members of Terago's board of directors and which invested in Terago.

4. Beginning in approximately December 1999, Munshani and Terago entered into discussions concerning the possibility of a business relationship.

5. By the spring of 2000, Munshani and Terago were negotiating about an investment by Munshani into Signal Lake II.

6. In July 2000, Munshani and Terago agreed in principle to a deal where Terago would issue Munshani warrants for $1.2 million of Terago stock, if Munshani generated $5 million in investment capital for Terago. This contractual arrangement was not committed to writing.

7. Munshani never delivered a committed investor to Terago, and generated no investment capital. Nonetheless, Munshani claimed that he had given his best effort to the project and to have identified potential investors.

8. On December 18, 2000, after failed negotiations with Signal Lake II regarding his investment, Munshani filed suit against Signal Lake II and related parties in Suffolk County Superior Court alleging breach of contract, and requesting damages of $25 million ("the state suit").

9. On December 22, 2000, Munshani filed a civil complaint in the United States District Court for the District of Massachusetts against Terago and related parties, alleging that they had promised to deliver the Terago warrants merely if Munshani gave his best efforts to finding investors ("the federal suit").

10. On January 18, 2001, Terago moved to dismiss the federal suit alleging, inter alia, that there was no written

memorialization of the alleged promise and that it was therefore unenforceable under the Massachusetts Statute of Frauds.

11.  On January 29, 2001, Munshani filed an opposition to the motion to dismiss the federal suit. Munshani alleged that the agreement had, in fact, been committed to writing and attached a copy of an email ("the email") in support of his claim. The email was purportedly sent from the CEO of Terago to Munshani and in it Terago appeared to promise to give Munshani the $1.2 million worth of Terago warrants without referring to a requirement that Munshani actually generate any investment in Terago. Terago claimed that the email was inauthentic.

12.  On February 7, 2001, the court denied the motion to dismiss the federal suit, in part because of its reliance on the email purportedly memorializing the agreement between Munshani and Terago.

13.  Thereafter, on February 16, 2001, the CEO of Terago filed an affidavit in the federal suit denying that he had written or sent the email. In support, he attached a separate affidavit from a computer data recovery expert who concluded that the email had not been created on a Terago computer or by Terago's CEO. On that same day, these same materials were filed in the state suit in support of a motion filed by the defendants to require Munshani to preserve electronic evidence and to expedite the production of computerized information.

14. On February 20, 2001, Munshani filed an affidavit in the federal suit swearing under oath that he had received the email from the CEO of Terago. On February 21, 2001, Munshani filed this same affidavit in the state suit.

15. On March 9, 2001, in connection with the state case, Judge Allan van Gestel of the Suffolk County Superior Court appointed an independent computer data recovery expert to examine Munshani's computer.

16. On September 12, 2001, the independent expert filed a report in the state suit concluding unequivocally that the email was inauthentic and had been created by Munshani on approximately December 19, 2000 (shortly after filing the state suit and just prior to filing the federal suit). On October 9, 2001, Judge van Gestel dismissed the state suit.

17. On November 15, 2001, Judge Stearns adopted the independent expert's report in the federal suit, dismissed Munshani's case, and imposed sanctions.

## COUNT ONE

(Criminal Contempt - 18 U.S.C. § 401(1))

The Grand Jury further charges that:

18. Paragraphs 1-17 are realleged and incorporated by reference as though fully set forth herein.

19. On or about January 29, 2001, in the District of Massachusetts, the defendant,

SUNI MUNSHANI

intentionally engaged in misbehavior in and near the presence of the court which obstructed the administration of justice, to wit: he filed and caused to be filed, in federal court, an opposition to a motion to dismiss the federal suit to which he attached and caused to be attached a fraudulent email communication in support his false claim of a previously existing written contract.

All in violation of Title 18, United States Code, Sections 401(1) and 2.

## COUNT TWO

(Criminal Contempt - 18 U.S.C. § 401(1))

The Grand Jury further charges that:

20. Paragraphs 1-17 are realleged and incorporated by reference as though fully set forth herein.

21. On or about February 20, 2001, in the District of Massachusetts, the defendant,

### SUNI MUNSHANI

intentionally engaged in misbehavior in and near the presence of the court which obstructed the administration of justice, to wit: he filed and caused to be filed, in federal court, a sworn affidavit in which he falsely attested to the authenticity of an email he knew to have been fabricated.

All in violation of Title 18, United States Code, Sections 401(1) and 2.

## COUNT THREE

(Obstruction of Justice - 18 U.S.C. § 1503

The Grand Jury further charges that:

22. Paragraphs 1-17 are realleged and incorporated by reference as though fully set forth herein.

23. On or about January 29, 2001, in the District of Massachusetts, the defendant,

SUNI MUNSHANI

did knowingly, intentionally and corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice in connection with a pending federal judicial proceeding: to wit, he filed and caused to be filed, in federal court, an opposition to a motion to dismiss the federal suit to which he attached and caused to be attached a fraudulent email communication in support his false claim of a previously existing written contract.

All in violation of Title 18, United States Code, Sections 1503 and 2.

<u>COUNT FOUR</u>

(Obstruction of Justice - 18 U.S.C. § 1503)

The Grand Jury further charges that:

24. Paragraphs 1-17 are realleged and incorporated by reference as though fully set forth herein.

25. On or about February 20, 2001, in the District of Massachusetts, the defendant,

SUNI MUNSHANI

did knowingly, intentionally and corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice in connection with a pending federal judicial proceeding: to wit he filed and caused to be filed, in federal court, a sworn affidavit in which he falsely attested to the authenticity of an email he knew to have been fabricated.

All in violation of Title 18, United States Code, Sections 1503 and 2.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Allison D. Burroughs
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; May _19_, 2004. _12:48_

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK