UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action |
| v. ) | Number: 04-10158-JLT |
| ) | |
| SUNI MUNSHANI ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

The defendant, Suni Munshani ("Munshani"), submits this memorandum in support of his motion to strike.

The Indictment in this case arises out of a fairly simple set of facts. Munshani entered into a transaction with a company called Terago Communications, Inc. ("Terago"). Indictment, ¶6. A dispute arose, and Munshani filed suit in this court against Terago and one of is officers. *Id.*, ¶9. During the course of that suit, an issue arose regarding the authenticity of an e-mail submitted in opposition to Terago's motion to dismiss. *Id.*, ¶9. Munshani filed an affidavit regarding the e-mail. *Id.*, ¶14. The government now alleges that the e-mail was not authentic, and the affidavit was false, and has brought charges against Munshani based upon that alleged misconduct. *Id.*, Counts One-Four.

However, in an apparent effort to unfairly tarnish Munshani and inflame the jury, the government has included allegations that are irrelevant to the offenses actually charged, comprise facts that are not admissible, and are highly prejudicial to Munshani. Those allegations, which should be struck pursuant to Fed. R. Crim. P. 7(d), are as follows:

1. Allegations regarding Signal Lake Venture Fund II LP ("Signal Lake"), and a state court lawsuit between Munshani and Signal Lake, paragraphs 3, 8 and the last sentence of paragraph 14. Munshani brought suit in Suffolk Superior Court against Signal Lake. The e-mail at the heart of this case was not relevant to any of Munshani's claims in the Superior Court case. Allegations regarding that suit are utterly irrelevant to this case, which is

   based solely upon conduct alleged to have occurred during a federal civil case between Munshani and Terago. Moreover, details regarding the outcome of the state court litigation would only serve to confuse and inflame the jury.

2. Allegations regarding Terago's contentions in the federal civil suit, paragraph 13 – The government alleges in paragraph 13 that Terago submitted an affidavit and the report of a computer data recovery expert calling into question the e-mail's authenticity. Neither the affidavit nor the report are admissible in this case. They are described in the Indictment solely to call to the jury's attention to inadmissible evidence which ostensibly supports the government's theory.

3. Allegations regarding the "independent expert," paragraphs 15-17 – The Superior Court judge appointed a purported computer data recovery expert, Kenneth Shear, to review certain materials. Shear concluded that the e-mail in question was not authentic. Shear has been identified as an expert witness for the government in this case. In an apparent effort to boost his credibility, the government has included irrelevant allegations which create the impression that judges are vouching for his credibility. For example, paragraph 15 discusses the Superior Court judge appointing "an independent computer data recovery expert." Paragraph 16 asserts that "the independent expert filed a report in the state suit concluding unequivocally that the e-mail was inauthentic" …, and reporting that the judge dismissed the state suit. Similarly, paragraph 17 alleges that "Judge Stearns adopted the independent expert's report in the federal suit, dismissed Munshani's case, and imposed sanctions." None of the foregoing is admissible in this case, even under the most expansive view of F.R.E. 404(b). The allegations are unfair and prejudicial, and are calculated to bolster the expert testimony the government apparently intends to offer.

Rule 7(d) authorizes the court to strike prejudicial allegations that are irrelevant. *E.g., United States v.* Hernandez, 85 F.3d 1023, 1030 (2nd Cir. 1996); United *States v. Hughes*, 766 F.2d 875, 879 (5th Cir. 1985). Where, as here, the allegations involve prejudicial matters that would not be admissible at trial, they should be stricken. *E.g., United States v. Carey*, 152 F.Supp. 2d 415, 429 (S.D.N.Y. 2001); *United States v. Wilson*, 565 F.Supp 1416, 1439 (S D.N.Y. 1983).

## CONCLUSION

For all of the foregoing reasons, the motion to strike should be allowed.

SUNI MUNSHANI
By his attorney,

Mark W. Pearlstein (BBO #542064)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
(617) 535-4000

Dated: June 23, 2004

**CERTIFICATION OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on June 23, 2004.