UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------

UNITED STATES OF AMERICA    :

    v.                          :        NO. 04-10158-JLT

                                         :

SUNI MUNSHANI                :

------------------------------

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The United States of America, through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Allison D. Burroughs, Assistant U.S. Attorney, hereby responds to Defendant Munshani's Motion to Dismiss the Indictment in the above captioned case. There has been no speedy trial violation in this case, nor does defendant even argue that there has been such a violation. Therefore, the government respectfully request that Defendant's motion to dismiss be denied and in support thereof avers as follows:

### Summary of Argument

1. The government hereby incorporates by reference all of the arguments set forth in detail in our response to defendant's previous motion to dismiss in the case captioned 03-10051-JLT (a copy of which is attached hereto as Exhibit A). This motion was properly dismissed by the Court without prejudice.

2.   Thereafter, the grand jury re-indicted the defendant (04-10158-JLT).  To the knowledge of the government, there are currently 0 days of unexcluded delay in the instant case.  Therefore, there is no basis to dismiss this case pursuant to the speedy trial act.

3.   To the extent that defendant Munshani has been inconvenienced by the currently pending charges, this is an inconvenience he largely brought upon himself by filing two civil cases and then submitting a fraudulent email and related documentation (including a false affidavit) in support of his civil suits.

Factual Summary of Case

In approximately December 1999, the defendant, Suni Munshani began talking with a high technology company called Terago Communications, Inc. (Terago) about the possibility of a business relationship.  Members of Terago's board of directors managed a venture fund called Signal Lake Venture Fund II LP (Signal Lake II) which had invested in Terago.  By the spring of 2000, Munshani and Terago were negotiating about an investment by Munshani into Signal Lake II.

In July 2000, Munshani and Terago agreed in principle to a deal where Terago would issue Munshani warrants for $1.2 million of Terago stock, if Munshani generated $5 million in investment capital for Terago.  This arrangement was not committed to

2

writing. Although Munshani never delivered a committed investor to Terago, and generated no investment capital, he nonetheless claimed that he had given his best effort to the project and to have at least identified potential investors.

On December 18, 2000, after failed negotiations with Signal Lake II regarding his investment, Munshani filed suit against Signal Lake II and related parties in Suffolk County Superior Court alleging breach of contract, and requesting damages of $25 million ("the state suit"). On December 22, 2000, Munshani filed a civil complaint in the United States District Court for the District of Massachusetts against Terago and related parties, alleging that they had promised to deliver the Terago warrants merely if Munshani gave his best efforts to finding investors ("the federal suit").

On January 18, 2001, Terago moved to dismiss the federal suit alleging, inter alia, that there was no written memorialization of the alleged promise and that it was therefore unenforceable under the Massachusetts Statute of Frauds. On January 29, 2001, Munshani filed an opposition to the motion to dismiss the federal suit. Munshani alleged that the agreement had, in fact, been committed to writing and attached a copy of an email ("the email") in support of his claim. The email was purportedly sent from the CEO of Terago to Munshani and in it Terago appeared to promise to give Munshani the $1.2 million

3

worth of Terago warrants without referring to a requirement that Munshani actually generate any investment in Terago. Terago claimed that the email was inauthentic. On February 7, 2001, the court denied the motion to dismiss the federal suit, in part because of its reliance on the email purportedly memorializing the agreement between Munshani and Terago.

Thereafter, on February 16, 2001, the CEO of Terago filed an affidavit in the federal suit denying that he had written or sent the email. In support, he attached a separate affidavit from a computer data recovery expert who concluded that the email had not been created on a Terago computer or by Terago's CEO. On that same day, these same materials were filed in the state suit in support of a motion filed by the defendants to require Munshani to preserve electronic evidence and to expedite the production of computerized information. On February 20, 2001, Munshani filed an affidavit in the federal suit swearing under oath that he had received the email from the CEO of Terago. On February 21, 2001, he filed the same affidavit in the state suit.

On March 9, 2001, in connection with the state case, Judge Allan van Gestel of the Suffolk County Superior Court appointed an independent computer data recovery expert to examine Munshani's computer. On September 12, 2001, the independent expert filed a report in the state suit concluding unequivocally that the email was inauthentic and had been created by Munshani

on approximately December 19, 2000. On October 9, 2001, Judge van Gestel dismissed the state suit. On November 15, 2001, Judge Stearns adopted the independent expert's report in the federal suit, dismissed Munshani's case, imposed sanctions and referred the case for possible federal criminal prosecution.

The instant indictment followed, charging the defendant with obstruction of justice and criminal contempt based on his filing the false email and supporting false affidavits in federal court in connection with his civil lawsuit.

### The Speedy Trial Act

Defendant has moved to dismiss the indictment based on his assertion that the Speedy Trial clock has run. 18 U.S.C. §3162. In essence, the Speedy Trial Act requires that a trial begin within 70 days of indictment. The Speedy Trial Act also provides that certain periods of time should be excluded in calculating the 70 days. 18 U.S.C. § 3161(h). If the 70 day limit is impermissibly exceeded, the court may, upon motion of the defendant, dismiss the indictment, with or without prejudice. 18 U.S.C. § 3161(a)(2). Nonetheless, "defense counsel may not simultaneously use the Act as a sword and a shield", meaning that he cannot lull the court into believing that he is content with the pace, wait until the time has lapsed and then attempt to capitalize on his own delay by seeking to dismiss the charges. U.S. v. Pringle, 751 F.2d 419, 434 (1st Cir. 1984).

5

The Speedy Trial Clock

To the knowledge of the government, in the instant case, 0 day have elapsed for speedy trial purposes. The defendant does not and cannot allege that the 70 days allowed pursuant to the Speedy Trial Act have elapsed.  Defendant bases his motion on periods of unexcluded time that accrued relative to the prior indictment.  This elapsed time does not form a basis to dismiss the instant indictment under any provision of the Speedy Trial.[1]

Dismissal Without Prejudice

In any event, the Court's previous decision to dismiss the earlier indictment without prejudice was clearly correct as matters of fact and law.

The determination of whether a dismissal should be with prejudice or without prejudice is left to the discretion of the trial judge.  U.S. v. Taylor, 487 U.S. 326, 326 (1988); U.S. v. Brown, 770 F.2d 241, 242 (1st Cir. 1985).  A dismissal with prejudice is certainly not required as a remedy for a violation of the Speedy Trial Act.  In deciding whether a dismissal shall be with or without prejudice, the Court must weigh the following factors: (1) the seriousness of the offense; (2) the facts and

---

[1] As a practical matter, defendant is essentially seeking to have the Court reconsider its prior ruling, notwithstanding that the amount of time that has elapsed and the filing of the subsequent indictment, effectively deprives this Court of jurisdiction to entertain such a motion in that earlier case. this court no longer has jurisdiction to

circumstances which led to the dismissal; (3) the impact of reprosecution on administration of the Speedy Trial Act and the administration of justice in general; and (4) "any extraneous matters ... rationally related to the balancing objectives of the tripartite test." U.S v. Hastings, 847 F.2d 920, 924 (1st Cir. 1988); see also, U.S. v. Barnes, 159 F.3d at 7(seriousness of offenses, absence of actual prejudice and defendant's failure to promptly assert her speedy trial rights warrant dismissal without prejudice).

In the instant case (and as more fully set forth in Exhibit A), the charges against the defendant were and remain quite serious given the impact of the defendant's conduct on the administration of justice; that facts and circumstances which lead to the delay were not attributable to purposeful conduct on the part of the government; the reprosecution of this case will have absolutely no prejudicial impact on the defendant or otherwise unduly offend the administration of justice or of the Speedy Trial Act; and finally the defendant suffered no actual prejudice as a result of the delay.

Therefore, given the serious nature of the crimes charged; the facts and circumstances which led to the dismissal, including the delay caused by the defendant and the absence of bad faith conduct on the part of the government; the minimal impact of reprosecution; and the fact that there has been no actual

prejudice to the defendant, the previous indictment in this case was properly dismissed without prejudice.

Wherefore, the government respectfully requests that Defendant's Motion to Dismiss be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Mark W. Pearlstein
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775

This 9th day of July, 2004.

/s/ Allison D. Burroughs
Allison D. Burroughs
Assistant United States Attorney