```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
                         )    Criminal No. 04-10158-JLT
        v.               )
                         )
SUNI MUNSHANI            )
```

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America hereby requests, pursuant to Fed. R. Crim. P. 30, that the Court instruct the jury in this case in accordance with the attached requested instructions.

The United States reserves the right to supplement, modify, or withdraw these requests for instructions in light of the requests for instruction, if any, filed by the defendant and the evidence presented at trial.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:
                              /s/ Allison D. Burroughs
                              ALLISON D. BURROUGHS
                              Assistant U.S. Attorney

                              TODD M. HINNEN
                              Trial Attorney
                              U.S. Department of Justice
```

1

CERTIFICATE OF SERVICE

    I, Allison Burroughs, Assistant U.S. Attorney, hereby certify that I have caused the foregoing to be mailed, postage prepaid, to the following:

        Mark W. Pearlstein
        McDermott, Will & Emery
        28 State Street
        Boston, MA 02109-1775

on this 30th day of November, 2004.

        /s/ Allison D. Burroughs
        ALLISON D. BURROUGHS
        Assistant U.S. Attorney

GOVERNMENT INSTRUCTION NO. 1

("ON OR ABOUT")

The indictment charges that the offenses charged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that any offense was committed precisely on the date charged.[1]

---

[1] O'Malley et al., Federal Jury Practice and Instructions §13.05 (5th ed. 2000).

GOVERNMENT INSTRUCTION NO. 2

(WEIGHING THE TESTIMONY OF AN EXPERT WITNESS)

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[2]

---

[2] Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction 2.06 (West Group 1998).

GOVERNMENT INSTRUCTION NO. 3

(CRIMINAL CONTEMPT CHARGES: COUNTS 1 AND 2)

The defendant, Suni Munshani, is charged in Counts One and Two of the indictment with criminal contempt of court in violation of section 401(1) of Title 18 of the United States Code. This statute makes it a crime to misbehave in or near a federal court in a way which obstructs the administration of justice.

Count One of the indictment charges that on or about January 29, 2001, in the District of Massachusetts, Defendant Suni Munshani intentionally engaged in misbehavior in and near the presence of the court which obstructed the administration of justice by filing a motion in federal court with a fraudulent email communication attached.

Count Two of the indictment charges that on or about February 16, 2001, in the District of Massachusetts, Defendant Suni Munshani intentionally engaged in misbehavior in and near the presence of the court which obstructed the administration of justice by filing a false sworn affidavit in federal court.

GOVERNMENT INSTRUCTION NO. 4

(ELEMENTS OF CRIMINAL CONTEMPT CHARGE: COUNTS 1 and 2)

For purposes of the changes in Counts One and Two, you will need to understand the elements of the criminal contempt offense. In order for the defendant, Suni Munshani, to be found guilty of violating the statute, as charged in Counts One and Two, you must find that the government has proven each of the following things beyond a reasonable doubt:

*First*, that the defendant misbehaved;

*Second*, that the defendant misbehaved in or near the presence of the court;

*Third*, that the defendant acted willfully and knowingly; and

.   *Fourth*, that the defendant's misbehavior obstructed the administration of justice.[3]

---

[3] See American Airlines, Inc. v. Allied Pilots Association, 968 F.2d 523 (5th Cir. 1992) ("Four elements must be proven beyond a reasonable doubt to show a violation of Section 401(1): (1) misbehavior, (2) in or near the presence of the court, (3) with criminal intent, (4) that resulted in an obstruction of the administration of justice. Vaughn v. City of Flint, 752 F.2d 1160, 1167 (6th Cir.1985); United States v. Warlick, 742 F.2d 113, 115 (4th Cir.1984); United States v. Seale, 461 F.2d 345, 366-67 (7th Cir.1972).").

GOVERNMENT INSTRUCTION NO. 5

(FIRST ELEMENT "MISBEHAVIOR": COUNTS 1 AND 2)

The first element of the offense is that the defendant's actions constituted "misbehavior." It is essential that judicial proceedings be conducted in an orderly, dignified manner so that they are confined to a rational search for the truth in the context of defined legal issues. Acts or conduct which are inconsistent with the maintenance of proper courtroom decorum constitute misbehavior. Such acts may include filing a false affidavit[4], falsifying evidence submitted to the court[5], and perjury when it obstructs the court in the performance of its duty[6].

If you find that the defendant attached or caused a fraudulent email communication to be attached to a motion filed with the court and this conduct violated standards of proper courtroom decorum, and was inconsistent with the maintenance of orderly, dignified judicial proceedings, the first element of the offense as stated in Count One is satisfied. If you find that the defendant filed or caused to be filed a sworn affidavit

---

[4] Wiideman v. McKay, 132 F.R.D. 62, 66 (D.Nev. 1990) ("Any person who files a false affidavit is ... subject to contempt proceeding.").

[5] In re Grogan, 972 F. Supp. 992, 999-1000 (E.D. Va. 1997) ("[T]here is no dispute that, if Grogan submitted a falsified note (Exhibit A to his Response to Show Cause Order I), the evidence would permit a jury to find element[] one [of 18 U.S.C. § 401(1), (1) misbehavior of a person].").

[6] In re Michael, 326 U.S. 224, 228 (1945).

attesting to the authenticity of the email communication in federal court and that this conduct violated standards of proper courtroom decorum, and was inconsistent with the maintenance of orderly, dignified judicial proceedings, the first element of the offense as stated in Count Two is satisfied.[7]

---

[7] See Sand et al., Modern Federal Jury Instructions, Criminal, §20.01, Instruction 20-4 (Matthew Bender Rel.26-12/95).

GOVERNMENT INSTRUCTION NO. 6

(SECOND ELEMENT "PRESENCE OF THE COURT": COUNTS 1 AND 2)

The second element of the offense of contempt is that the defendant's misbehavior occurred in or near the court's presence. "In or near to" refers to geographic proximity to the court.[8] Conduct which occurs in the same building as the court may be considered "in or near to" the presence of the court.[9]

---

[8]  Nye v. United States, 313 U.S. 33, 48-49 (1941).

[9] In Re Grogan, 972 F. Supp. 992, 1000 n.10 (E.D. Va. 1997); See also American Airlines, Inc. v. Allied Pilots Association, 968 F.2d 523, 531 (5th Cir. 1992)  (holding that documents filed with the clerk meet the requirement of "in or near" when the documents were then used as evidence to support a motion for a TRO in a hearing before the court).

GOVERNMENT INSTRUCTION NO. 7

(THIRD ELEMENT  "WILLFULLY AND KNOWINGLY": COUNTS 1 AND 2)

The third element of the offense of contempt is that the defendant performed the contemptuous act willfully and knowingly. That is to say, in order to sustain its burden of proving criminal contempt, the government must prove that the defendant knew that his act was wrongful and that he nevertheless intended to do the act.

You need not find that the defendant had the specific purpose to subvert the administration of justice, or that the defendant had knowledge of, or the intention to violate, the statute which makes it a crime to misbehave within or near the presence of the court.  You need only find that the defendant had the purpose to do the act and that he knew or should reasonably have been aware that the act was wrongful.[10]

---

[10] See Sand, §20.01, Instruction 20-7.

GOVERNMENT INSTRUCTION NO. 8

(FOURTH ELEMENT  "OBSTRUCTION OF ADMINISTRATION OF JUSTICE":

COUNTS 1 AND 2)[11]

The fourth element of the offense of contempt is that the defendant's misbehavior caused the administration of justice to be obstructed.  For this element to be satisfied, you must find beyond a reasonable doubt that the defendant's actions materially disrupted or obstructed the orderly process of the administration of justice, or otherwise thwarted the judicial process.[12] Examples of material disruption to the orderly administration of justice may include delaying the proceedings, creating more work for the judge, inducing error, or imposing unnecessary costs on other parties.[13]

---

[11] Compare with Sand, §20.01, Instruction 20-5 (including an additional instruction, "If you find, therefore, that the defendant, by [description of behavior] caused an actual obstruction of the judicial process, the [fourth] element of the offense if satisfied.")

[12] United States v. Warlick, 742 F.2d 113, 116 (4th Cir. 1984).

[13] American Airlines, 968 F.2d at 532; See also Grogan, 972 F. Supp. at 1005 (finding the submission of a falsified note caused sufficient delay and additional effort by the court to support a finding of "actual obstruction.").

9

GOVERNMENT INSTRUCTION NO. 9

(OBSTRUCTION OF JUSTICE CHARGES: COUNTS 3 AND 4)

The defendant, Suni Munshani, is charged in Counts Three and Four of the indictment with obstruction of justice in violation of section 1503 of Title 18 of the United States Code.  This statute makes it a crime to corruptly attempt or endeavor to influence, obstruct, or impede the due administration of justice in a federal proceeding.

More specifically, Count Three of the Indictment charges that on or about January 29, 2001, defendant Suni Munshani obstructed or attempted to obstruct justice by knowingly filing or causing to be filed in federal court a fraudulent email message.

Count Four of the Indictment charges that on or about February 20, 2001, defendant Suni Munshani obstructed or attempted to obstruct justice by filing or causing to be filed in federal court a sworn affidavit falsely attesting to the authenticity of the email message which he knew to have been fabricated.

GOVERNMENT INSTRUCTION NO. 10

(ELEMENTS OF OBSTRUCTION OF JUSTICE: COUNTS 3 and 4)

In order for the defendant to be found guilty of obstructing justice, as charged in Counts Three and Four, the government must prove the following things beyond a reasonable doubt:[14]

*First*, that there was a proceeding pending before a federal court on or about the time alleged in the indictment;

*Second*, that the defendant, Suni Munshani, knew that this proceeding was pending;

*Third*, that the defendant corruptly influenced, obstructed, or impeded the due administration of justice, or endeavored to do so, in that proceeding.

---

[14] Compare with O'Malley et al., Federal Jury Practice and Instructions, §48.03 (5th ed. 2000) (adding a fourth element consisting of the defendant's conduct).

GOVERNMENT INSTRUCTION NO. 11

(OBSTRUCTION OF JUSTICE ELEMENTS 1 AND 2: COUNTS 3 AND 4)

In order to find that the government has met its burden in proving elements one and two of the offenses charged in Counts 3 and 4, you must find beyond a reasonable doubt that the lawsuit, <u>Munshani v. Terago Communications, Inc.</u> was pending in federal district court and that Defendant Munshani had knowledge or notice of that fact at the time he submitted the motion with the attached email communication and at the time he filed the sworn affidavit.

GOVERNMENT INSTRUCTION NO. 12

("DUE ADMINISTRATION OF JUSTICE" DEFINED: COUNTS 3 AND 4)

For the purpose of the charges in this case "due administration of justice" means a just and honest trial.[15]  The government need not show that the false statements actually obstructed justice,[16] only that the natural consequences of the false affidavit or the fraudulent email communications would be to obstruct or impede the honest and correct outcome of the court proceeding.

---

[15] "... the term 'due administration of justice' contemplates and imports a free and fair opportunity for every litigant in a pending case to have a just and honest trial without outside corrupting influences." United States v. Ogle, 613 F.2d 233, 241-242 (10th Cir. 1979) (affirming a conviction under Section 1503 for attempting to communicate with a juror and providing a juror a pamphlet on nullification).

[16] See U.S. v. Collis, 128 F.3d 313, 318 (6th Cir. 1997) (finding sufficient for a 1503 conviction a forged letter to a district court in support of leniency, even absent a showing that the false statements actually obstructed justice, as long as the letter had "the natural and probable effect of impeding justice").

GOVERNMENT INSTRUCTION NO. 13

("CORRUPTLY" DEFINED: COUNTS 3 AND 4)

To act "corruptly" means to act voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.[17] The defendant acted "corruptly" if you find that his purpose for attaching the fraudulent email communication to his opposition to a motion to dismiss the federal lawsuit was to prevent the court from reaching a just and honest resolution of the motion to dismiss.[18] The defendant also acted "corruptly" if you find that his purpose for filing a sworn affidavit attesting to the authenticity of the fraudulent email was to prevent the court in reaching a just and honest resolution of the federal lawsuit.[19]

---

[17] O'Malley, §48.04.

[18] See United States v. Brady, 168 F.3d 574, 578-579 (1st Cir. 1999).

[19] Id.

14

GOVERNMENT INSTRUCTION NO. 14

("ENDEAVOR" DEFINED: COUNTS 3 AND 4)

The term "endeavor" means to knowingly and deliberately act or knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result. It is not necessary for the government to prove that the effort or endeavor was successful or that the defendant actually obstructed justice.[20] It is only necessary that he acted with the purpose to obstruct justice and took some step in that direction.[21]

The government does not have to prove that the defendant personally created the fraudulent email, or that he personally filed the documents with the court. The government only has to show that the defendant was aware that the email communication was fraudulent and that he filed or caused it to be filed with the court to oppose Terago's motion to dismiss the lawsuit.

Similarly, the government does not have to prove that the defendant personally created the false affidavit, or that he personally filed the affidavit with the court. The government only has to show that the defendant signed the affidavit knowing that the email communication was fraudulent, and that he knew the affidavit would be submitted to the court.

---

[20] O'Malley, §48.05.

[21] See United States v. Brady, 168 F.3d 574, 578 (1st Cir. 1999).