# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SUNI MUNSHANI | ) |

Criminal Action
Number: 04-10158-JLT

## MEMORANDUM IN SUPPORT OF RENEWED MOTION TO STRIKE

The defendant, Suni Munshani ("Munshani"), submits this memorandum in support

of his Renewed Motion to Strike.[1]

## BACKGROUND

The Second Superseding Indictment ("Indictment") in this case arises out of a

fairly simple set of facts.  Munshani entered into a transaction with a company called

Terago Communications, Inc. ("Terago").  Indictment, ¶6.  A dispute arose, and Munshani

filed suit in this court against Terago and one of is officers.  *Id.*, ¶9.  During the course of

that suit, an issue arose regarding the authenticity of an e-mail submitted in opposition to

Terago's motion to dismiss.  *Id.*, ¶9.  Munshani also filed an affidavit regarding the e-mail.

*Id.*, ¶14.  The government now alleges that the e-mail was not authentic and the affidavit

was false, and has brought charges against Munshani based upon that alleged misconduct.

*Id.*, Counts One–Four.  However, in an apparent effort to unfairly tarnish Munshani and

inflame the jury, the government included allegations that are irrelevant to the offenses

actually charged, comprise facts that are not admissible, and are highly prejudicial to

Munshani.  The Court should strike these allegations pursuant to Fed. R. Crim. P. 7(d).

---

[1] On June 30, 2004, Magistrate Judge Cohen denied the original motion to strike without prejudice to the filing of a subsequent motion directed to this Court.

In addition, the Indictment includes a "Notice of Additional Factors" set forth in paragraph 26. The "Additional Factors" are irrelevant because they are not elements of the underlying offenses with which Munshani is charged, and are not otherwise essential to those offenses. Because they are also highly prejudicial to Munshani, the Court should strike the "Notice of Additional Factors" in accordance with Fed. R. Crim. P. 7(d).

## ARGUMENT

The government has included allegations that are irrelevant to the offenses actually charged, comprise facts that are not admissible, and are highly prejudicial to Munshani. The following allegations are apparently designed to unfairly tarnish Munshani and inflame the jury, and should therefore be stricken pursuant to Fed. R. Crim. P. 7(d):

1. Allegations regarding Signal Lake Venture Fund II LP ("Signal Lake"), and a state court lawsuit between Munshani and Signal Lake in paragraphs 3, 8 and the last sentence of paragraph 14.

   Munshani brought a separate suit in Suffolk Superior Court against Signal Lake. The e-mail at the heart of this case, however, was not relevant to any of Munshani's claims in the Superior Court case. Allegations regarding the state suit are utterly irrelevant to this case, which is based solely upon conduct alleged to have occurred during a federal civil case between Munshani and Terago. Moreover, details regarding the outcome of the state court litigation would only serve to confuse and inflame the jury.

2. Allegations regarding Terago's contentions in the federal civil suit in paragraph 13.

   The government alleges in paragraph 13 that Terago submitted an affidavit and the report of a computer data recovery expert calling into question the e-mail's authenticity. Neither the affidavit nor the report are admissible in this case. They are described in the Indictment solely to call to the jury's attention to inadmissible evidence which ostensibly supports the government's theory.

3. Allegations regarding the "independent expert," in paragraphs 15-17.

   The Superior Court judge appointed a purported computer data recovery expert, Kenneth Shear, to review certain materials. Shear concluded that the e-mail in question was not authentic. Shear has been identified as an expert witness for

the government in this case.  In an apparent effort to boost his credibility, the government has included irrelevant allegations which create the impression that judges are vouching for his credibility.

For example, paragraph 15 discusses the Superior Court judge appointing "an independent computer data recovery expert."  Paragraph 16 asserts that "the independent expert filed a report in the state suit concluding unequivocally that the e-mail was inauthentic"…, and reporting that the judge dismissed the state suit.  Similarly, paragraph 17 alleges that "Judge Stearns adopted the independent expert's report in the federal suit, dismissed Munshani's case, and imposed sanctions."  It is anticipated that during Shear's direct examination, the jury would become aware that he is the independent expert referred to in those allegations.

None of the foregoing is admissible in this case, even under the most expansive view of Fed. R. Evid. 404(b).  The allegations are unfair and prejudicial, and are calculated to bolster the expert testimony the government apparently intends to offer.  Rule 7(d) authorizes the court to strike prejudicial allegations that are irrelevant.  *E.g., United States v. Hernandez,* 85 F.3d 1023, 1030 (2d Cir. 1996); United *States v. Hughes,* 766 F.2d 875, 879 (5th Cir. 1985).  Where, as here, the allegations involve prejudicial matters that would not be admissible at trial, they should be stricken.  *E.g., United States v. Carey,* 152 F.Supp. 2d 415, 429 (S.D.N.Y. 2001); *United States v. Wilson,* 565 F.Supp 1416, 1439 (S.D.N.Y. 1983).

The Court should also strike the "Notice of Additional Factors" set forth in paragraph 26 because those allegations are not elements of the underlying offenses with which Munshani is charged, and are not otherwise essential to those offenses.  The "Additional Factors" relate to United States Sentencing Guidelines ("Guidelines") Sections 2J1.2(b)(2), 2J1.3(b)(2), and 2J1.3(d)(1), and they appear directed at concerns about sentencing factors following the decision in *Blakely v. Washington. See* 124 S. Ct. 2531,

2536 (2004) ("[A]ny fact that increases the penalty for a crime… must be submitted to a jury, and proved beyond a reasonable doubt.").

Such concerns, however, do not obviate the requirement that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Responsibility for defining these essential facts falls within the exclusive province of Congress. *See Liparota v. United States,* 471 U.S. 419, 424 (1985) ("The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute."). The Guidelines, however, were promulgated by a Commission vested in the judicial branch, which "cannot create, define, or expand upon Congress' definitions of the elements of federal crimes." *See Mistretta v. Untied States,* 488 U.S. 361, 395 (1989). In other words, the Guidelines "do not, and constitutionally could not, define what criminal conduct is." *United States v. Jardine,* Criminal Action No. 04-219, U.S. Dist. LEXIS 20414, at *9 (E.D. Pa. Oct. 8, 2004) (citing *Mistretta,* 488 U.S. at 396). Thus, the allegations in paragraph 26 "are not criminal conduct defined by Congress," and "have no place within the charging documents against" Munshani. *United States v. Mutchler,* 4:04-cr-76, 2004 U.S. Dist. LEXIS 18053, at *11 (S.D. Iowa Sept. 9, 2004) ("[T]he 'Notice of Additional Factors' is not essential to the offense charged, and therefore not relevant for purposes of the indictment."). The Court should strike the "Notice of Additional Factors" pursuant to Rule 7(d). *See Jardine,* U.S. Dist. LEXIS 20414, at *14, *21 (granting motion to strike surplusage where sentencing factors were irrelevant to indictment) ; *Mutchler,* 2004 U.S. Dist. LEXIS 18053, at *19 (same).

Moreover, the allegations contained in subparagraphs "b" and "c" of paragraph 26 are apparently designed to support an aggravating sentencing factor predicated upon Munshani's allegedly similar wrongdoing in "separate proceedings," namely the state suit and the federal civil case. As discussed above, allegations relating to conduct in the state suit are utterly irrelevant to this case, which arises from conduct in the federal case between Munshani and Terago. Details regarding the state court litigation would only serve to confuse and inflame the jury, and must therefore be stricken under Rule 7(d).

Last, to the extent that this Court determines the Guidelines are unconstitutional, *see United States v. Mueffleman,* 327 F. Supp. 2d 79, 93-94 (D. Mass. 2004) (holding that the Guidelines are unconstitutional and its provisions are not severable), the government's attempt to amend the indictment by relying upon the Guidelines' constitutionally infirm provisions is of no effect, and thus irrelevant. The Court should therefore strike the "Notice of Additional Factors."

## CONCLUSION

For all of the foregoing reasons, the Renewed Motion to Strike should be allowed.

SUNI MUNSHANI
By his attorney,

Mark W. Pearlstein (BBO #542064)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
(617) 535-4000

Dated: November 23, 2004
BST99 1431337-1.062948.0012

CERTIFICATION OF SERVICE
I hereby certify that a true copy of the above
document was served upon the attorney of record
for each other party by mail (by hand) on _____

5