```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )    Criminal No. 04-10158-JLT
     v.                     )
                            )
SUNI MUNSHANI,              )
          Defendant         )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO STRIKE

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Allison D. Burroughs, Assistant United States Attorney and Todd M. Hinnen, Trial Attorney, U.S. Department of Justice, hereby responds to Defendant's Motion to Strike Surplus as follows:

1. <u>Paragraphs 1-6 of Defendant's Motion</u>

Following the receipt of defendant's Motion, the government and the defendant agreed to enter into a series of stipulations relative to the case and are in the process of negotiating a redacted indictment for purposes of trial which reflects those stipulations. As a result of these agreements and stipulations, the government believes Defendant's motion as to the substantive paragraphs of the indictment (all of motion but for Paragraph 26 of the Indictment) is now moot. To the extent that Defendant believes we are incorrect in this assertion, we would ask for additional opportunity to respond to any issues that may still remain.

2. <u>Paragraph 7 of Motion Pertaining to Paragraph 26 of Indictment</u>

Defendant asks that the Court strike the "Notice of Additional Factors" set forth in paragraph 26 of the Indictment, asserting that the allegations therein are not elements of the charged offenses, are not essential to proof of the charged offenses and appear directed only at sentencing issues.  As more fully set forth below, we believe that the inclusion of potential sentencing factors must be set forth in the indictment until issues raised by <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) have been resolved and that the inclusion of such factors does not unduly prejudice the defendant.  Further, to the extent that the court is concerned about the unsettled nature of the law in this area given the pendency of <u>Booker</u> and <u>Fanfan</u> and is inclined to grant defendant's request that the sentencing factors be struck, the government would ask that this case be continued until these issues have been resolved by the Supreme Court. <u>United States v. Booker</u>, 375 F.3d 508 (7th Cir. 2004), cert. granted, 159 L.Ed. 2d 838, 125 S. Ct. 11, 2004 U.S. LEXIS 4788, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04-104); <u>United States v. Fanfan</u>, 2004 U.S. Dist. LEXIS 18593, No. 03-47, 2004 WL 1723114 (D. Me. June 28, 2004), cert. granted, 125 S. Ct. 12; 159 L.Ed. 2d 838; 2004 U.S. LEXIS 4789; 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 104-05).

In the instant indictment, the government has included notice of potential sentencing factors as set forth in the Sentencing Guidelines. The government provided this notice to preserve its ability to seek a jury determination regarding the existence of the charged factors, which in this case relate to the effect of defendant's misconduct on the administration of justice and the fact that the same harm was perpetuated in two different proceedings before two different courts.

The government has adopted this course in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004) where the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment when a pertinent sentencing finding was made by a judge rather than a jury. Blakely stated that it passed no judgment on the federal guidelines. See id. at 2538 n.9. Two cases which it is believed will resolve this issue are currently pending before the Supreme Court, Booker and Fanfan, and it is expected that these cases will be decided in the relatively near future. In the meantime, it remains the government's position that: (a) Blakely does not apply to the federal guidelines, and (b) if Blakely does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not

severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

However, even if this Court shares the government's view with respect to either argument, we nevertheless deem it prudent to obtain a jury verdict to protect against the possible impact of adverse decisions in <u>Booker</u> and <u>Fanfan</u>.  It must be recognized that the Supreme Court, applying the reasoning of <u>Blakely</u>, may ultimately hold that with regard to the application of the federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict.  The Court may also decline the government's alternative argument regarding the inability to sever the guidelines, and direct that the existing guidelines be applied through jury fact-finding.  For this reason, and in order to protect against the possibility of an unjustly low sentence in this case in the event that <u>Blakely</u> is so extended, the government has elected, as a protective measure, to charge the pertinent enhancement factors and seek a jury determination regarding each.

The notice provided to the defendant is not subject to abrogation as surplusage.  In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the accused.  <u>United States v. Vastola</u>, 899 F.2d 211, 231 n.25 (3d Cir.), <u>vacated on other grounds</u>, 497 U.S. 1001 (1990).  <u>See</u>

also United States v. Pungitore, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990). However, "the scope of a district court's discretion to strike material from an indictment is narrow." United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under [Federal Rules of Criminal Procedure] Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 121, 1134 (D.C. Cir. 1998), quoting 1 Charles Alan Wright, Federal Practice and Procedure §127, at 426 (1982). See also United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990). "Material that can be fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial." Oakar, 111 F.3d at 157.

The sentencing factors described in the superseding indictment are neither irrelevant nor unduly prejudicial. Rather, they are the very factors which by law are pertinent to

the determination of the defendant's sentence in this case. While the government traditionally would not seek to include these factors in the indictment itself, it has done so in anticipation of the defendant's eventual claim, based on Blakely, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.  The defendant is charged with two counts of criminal contempt in violation of 18 U.S.C. §401(1) and two counts of obstruction of justice in violation of 18 U.S.C. §1503; the Notice of Additional Factors charges that the defendant's actions caused substantial interference with the administration of justice and that the defendant filed false information in separate proceedings - hardly inflammatory or unfairly prejudicial.  See, e.g., United States v. Cintron, Crim. No. 03-675-02 (E.D. Pa. Aug. 19, 2004) (Dalzell, J.) (unpubl) (finding that although the additional factors in the superseding indictment are not elements of the charged offenses, they are nevertheless relevant to the charged offenses);  United States v. Gotti, 2004 U.S. Dist. LEXIS 21540 at *25 (S.D.N.Y. Oct. 25, 2004) (Casey, J.) (unpubl) (explicitly rejecting the district court cases cited by the defendant, and refusing to limit the government to "presenting the barest evidence possible to prove the elements of a crime.").[1]  Cf.

---

[1] Defendant's motion, page 4, confusingly appears to quote language from the Supreme Court in Mistretta v. United States, 488 U.S. 361, 395 (1989) to support its argument concerning the

United States v. Stansfield, 171 F.3d 806, 811 (3d Cir. 1999) (the purpose of an indictment is to identify the defendant's alleged offense and "fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have" (internal quotation marks omitted)).

Of course, any concerns about prejudice the defendant might suffer as a result of the jury learning about potential sentencing enhancements may be alleviated by withholding submission of the additional facts, where appropriate, until after the jury has made its guilt determination.[2] In that circumstance, the notice of additional factors plainly would not be inflammatory or unduly prejudicial to the defendant because the sentencing factors would be submitted to the jury only during the sentencing phase and not during the finding of guilt phase.

---

limited authority of the Federal Sentencing Commission. However the quoted language and the cite to Mistretta actually come from the unpublished district court case cited by defendant, United States v. Jardine, which itself appears to misrepresent the true holding in Mistretta finding the Commission constitutional and, on the page cited, that the placement of the Commission within the Judicial Branch does not upset the balance of power among the Branches.

[2] Although in the instant case the jury will doubtless be aware of the assertions that the fake email affected the administration of justice and the fact that the email and affidavit attesting to the veracity of the email were of record in both state and federal proceedings.

In any event, the inclusion of the factors in the superseding indictment is necessary for the purpose of providing notice to the defendant and is thus plainly justified.

Finally, defendant's argument that the Guidelines are unconstitutional is premature.  The Supreme Court has explicitly upheld the constitutionality of the guidelines.  <u>Mistretta v. United States</u>, 488 U.S. 361, 412 (1989).  Although <u>Blakely</u> may raise questions about who must determine the facts upon which the Guidelines depend and by what burden of proof, the desire of the government to present these questions to a jury protects the public's interests at low cost while avoiding any disruption should the Supreme Court decide that these facts must be determined by the jury.  Defendant's suggestion that the Notice of Additional Factors are irrelevant and should be stricken presupposes the Court's decision and discards the simplest solution to correct the potential deficiency in the Guidelines suggested by <u>Blakely</u>.

<u>Conclusion</u>

In sum, the Notice of Additional Factors notifying the defendant of additional factors to be proved as a precursor to their submission to the jury is plainly justified.  The factors are relevant to sentencing and do not unfairly prejudice the accused, and if necessary may be submitted to the jury after it makes its guilt determination.  For the reasons set forth herein,

the motion to strike paragraph 26 of the Second Superceding Indictment which provides notice of potential sentencing factors should be denied.

Dated: December 3, 2004

By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
Assistant U.S. Attorney

Todd M. Hinnen
Trial Attorney
U.S. Department of Justice

CERTIFICATE OF SERVICE

I, Allison Burroughs, Assistant U.S. Attorney, hereby certify that I have caused the foregoing to electronically delivered via electronic filing to the following:

Mark W. Pearlstein
McDermott, Will & Emery
28 State Street
Boston, MA 02109-1775

on this 3rd day of December, 2004.

/s/ ALLISON D. BURROUGHS
ALLISON D. BURROUGHS
Assistant U.S. Attorney