UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>SUNI MUNSHANI )<br>)<br>) | Criminal No. 04-10158-JLT |

# DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant Suni Munshani hereby submits, pursuant to Fed. R. Crim. P. 30, the following Requested Jury Instructions. Mr. Munshani reserves his right to supplement, modify, or withdraw these requested instructions in light of the requests filed by the United States and the evidence in this case.

Suni Munshani

By his attorney,

Mark W. Pearlstein (BBO# 542064)
MCDERMOTT WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000

Dated: December 3, 2004

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## First Part of Criminal Charge

Now that you have heard all the evidence, and the arguments of counsel, it becomes my responsibility to instruct you as to the law applicable to this case.

Your duty as jurors is to apply these rules of law to the facts of this case as you determine them from the evidence that has been presented before you.

Consider these instructions as a whole. Do not question the wisdom of any rule of law governing this case, regardless of any opinion you may have as to what the law ought to be. It would be a violation of your sworn duty as jurors to base a verdict upon any view of the law other than that given to you now in these instructions, just as it would be a violation of your sworn duty as the sole judges of the facts to base a verdict upon anything but the evidence in this case.

Trial by a jury must always depend upon the willingness of each individual juror to seek the truth from the same evidence presented to all of the jurors and to arrive at a verdict by applying the same rules of law as given to you by the instructions of the court.

You have been sworn and chosen as jurors to try the issues of fact presented by the allegations of the indictment, and the denial made by the "Not Guilty" plea of the defendant before you.

You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be convinced or influenced by sympathy, prejudice, or public opinion. Both the defendant and the government expect that you will carefully and impartially consider all of the evidence in this case, that you will follow the law as I outline it for you, and that you will reach a just verdict.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## Duties of the Jury[1]

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

---

[1] This instruction is derived from Ninth Circuit Instruction No. 1.01.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### Conduct of the Jury[2]

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day--an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

---

[2] This instruction is derived from Eighth Circuit Instruction No. 1.08 and Ninth Circuit Instruction No. 1.08.

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## Duty of the Jury to Find Facts and Follow Law[3]

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return-- that is a matter entirely for you to decide.

---

[3] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. P 3.01.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## Presumption of Innocence and Proof Beyond a Reasonable Doubt

As I have also told you several times before, the law presumes a defendant to be innocent of the crime with which he is charged. And so the defendant, although accused, begins a trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to acquit a defendant unless the jurors are convinced beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of the evidence that has been introduced in the case. The defendant before you, Mr. Munshani, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The government is not required to prove guilt beyond all possible doubt. The government's burden is to prove guilt beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. A reasonable doubt exists whenever, after careful and impartial consideration of the evidence in the case, a juror does not feel convinced with certainty that a defendant is guilty of the charge.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Munshani is guilty of the crime with which he/she is charged beyond a reasonable doubt. To satisfy this standard, the government must convince you to a certain of the truth of the charges.

This burden never shifts to Mr. Munshani because the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any

evidence. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Munshani has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

A defendant may rely on the failure of the government to establish guilt beyond a reasonable doubt to the unanimous satisfaction of the jury.

A defendant is never to be convicted upon mere suspicion or conjecture. If the evidence in the case reasonably permits two conclusions – one of guilt and one of innocence – the jury should, of course, come to the conclusion of innocence.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## Defendant's Right Not to Testify

A defendant has the absolute right under the United States Constitution not to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify. In accordance with this basic instruction, the jury must not consider or discuss during its deliberations the fact that the defendant in this case chose to exercise his Constitutional right to not testify.

No adverse inferences may be drawn by a defendant's failure to present evidence on his own behalf, or from the fact that the defendants chose to rely on evidence brought out on cross-examination of witnesses for the prosecution.

As I have told you before, a defendant is presumed to be innocent and has the right to sit back and require the government to prove its case beyond a reasonable doubt. A defendant is under no obligation to prove his innocence.

BST99 1432617-4.062948.0012

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

## Evidence; Objections; Rulings; Bench Conferences[4]

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated--that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Any evidence as to which an objection was sustained by the court and any evidence ordered stricken by the court must be entirely disregarded by you. You are not to speculate as to what an answer might have been had an objection not been sustained.

It may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

---

[4] This instruction is derived from Federal Judicial Center Instruction No. 1, Eighth Circuit Instruction Nos. 1.03, 1.07 and Ninth Circuit Instruction Nos. 1.05, 1.06.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

## What Is Evidence; Inferences[5]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded by you.

You are to consider only the evidence in the case – that is all the sworn testimony you have heard, and all the exhibits that were admitted into evidence.

But in your consideration of the evidence, you are permitted to draw from those facts which you feel have been proven, and such reasonable inferences as you feel are justified in the light of your experience and common sense. Any inferences you make, however, must be reasonable and must be based on the evidence in the case. You should not base inferences upon other inferences.[6]

---

[5] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. P 3.04.

[6] 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 104.20, at 146 (5th ed. 2000); 1A O'Malley, et al, *supra* § 12.05, at 150-53; FMC Corp. v. Manitowoc Co., 835 F.2d 1411 (Fed Cir. 1987); Juneau Square Corp. v. First Wis. Nat'l Bank of Milwaukee, 475 F. Supp. 451 (E.D. Wis. 1979).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## What Is Not Evidence[7]

Certain things are not evidence. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object if they believe that a question is in some way improper. Let me emphasize that a lawyer's question is not evidence.[8] At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

Questions, statements and arguments of counsel are not evidence. Evidence consists of the sworn testimony of the witnesses, the exhibits admitted into evidence, and all facts and events which may have been admitted or stipulated. In short, questions are not evidence. Answers are.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

---

[7] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, No. P 3.08.

[8] Derived from 1 L. Sand, et al., Modern Federal Jury Instructions, ¶ 5.01 (2001), citing United States v. Concemi, 957 F.2d 942, 948 (1st Cir. 1992).

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5. The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Mr. Munshani has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## Consideration of Defendant's Evidence

The presentation of evidence by the defendant does not shift the burden of proof to the defendant. The burden is always on the government to prove guilt beyond a reasonable doubt as to every essential element of the crime charged.

The burden never shifts to a defendant because the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant may present evidence that raises doubts about the government's evidence, but a defendant is never required to establish his innocence. For as I have told you before, a defendant is presumed to be innocent.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

## Jurors' Determination of Credibility

You jurors are the sole judges of the weight and the effect of all evidence – the credibility of the witnesses and the weight their testimony deserves.

In determining the credibility of witnesses and the weight to be given their testimony, you should carefully scrutinize the testimony, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether or not a witness is worthy of belief.

Consider each witness' intelligence, motive, state of mind, and the witness' demeanor and manner while on the witness stand.

Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impressed you as having an accurate recollection of these matters.

Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause the jury to discredit such testimony. In weighing the effect of a discrepancy in the evidence, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility – if any – as you may think it deserves. The same standard applies for expert witnesses; you are not required to accept his or her opinion.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## Weighing the Testimony of an Expert Witness[9]

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness' education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given. If you should decide that the opinion of an expert is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the expert's opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.[10]

---

[9] This instruction is based upon Eighth Circuit Instruction No. 4.10.

[10] 3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 104.40, at 151-52 (5th ed. 2000); United States v. Jackson, 425 F.2d 574 (D.C. Cir. 1970).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

## The Indictment[11]

I shall now instruct you as to the charges of the indictment in this case which is on trial before you. As I have told you several times before, an indictment is only a formal method of accusing a defendant of a crime.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an Assistant United States Attorney, Allison D. Burroughs. The defendant, Mr. Suni Munshani is represented by his attorney, Mark W. Pearlstein.

The defendant has been charged by the government with violations of federal law. The charges against Mr. Munshani are contained in the Indictment. He is charged with offenses known as criminal contempt and obstruction of justice. I will explain those offenses to you as part of this process.

The Indictment is simply the description of the charge against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges and denies committing them. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

The Indictment is not evidence of any kind against an accused. It does not create any presumption of guilt or permit any inference of guilt. It is merely an accusation. It is simply the vehicle by which the defendant before you was brought to trial, and you may refer to the indictment as such during your deliberations.

---

[11] This instruction is derived from Federal Judicial Center Instruction No. 1.

You must deal with each count of the indictment separately. Your decision as to one count of the Indictment should not control your decision as to another count. Each count is entitled to your individual consideration.

BST99 1432617-4.062948.0012