# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

## Criminal Contempt – First Element

The first element that the government must prove beyond a reasonable doubt is that Mr. Munshani knowingly misbehaved.

In this context, "misbehaved" means disruptive words or behavior, an assault by a defendant, a demonstrations by spectators, cursing at a judge, urinating in the courtroom, slapping a co-defendant in open court, threatening a witness just outside the courtroom, and acts "disrupting to quiet and order or actually interrupting the court in the conduct of its business."[13]

If you find that the government has not proven this element of criminal contempt beyond a reasonable doubt, you must find Mr. Munshani not guilty of these charges.

---

[13] See United States v. Browne, 318 F.3d 261, 267 (1st Cir. 2003); see also, id. at 263; United States v. Perry, 116 F.3d 952, 954 (1st Cir. 1997); United States v. Garcia-Pupo, 845 F.2d 8, 10-11 (1st Cir. 1988); Farese v. United States, 209 F.2d 312, 316 (1st Cir. 1954) (quoting Nye v. United States, 313 U.S. 33, 52 (1941)).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

## Criminal Contempt – Second Element

The second element that the government must prove beyond a reasonable doubt is that Mr. Munshani's alleged misbehavior occurred in or near the presence of this Court. The misbehavior must be "in the vicinity of the court, disrupting to quiet and order or actually interrupting the court in the conduct of its business."[14]

If you find that the government has not proven this element of criminal contempt beyond a reasonable doubt, you must find Mr. Munshani not guilty of these charges.

---

[14] See Farese v. United States, 209 F.2d 312, 316 (1st. Cir. 1954) (quoting Nye v. United States, 313 U.S. 33, 52 (1941)).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

### Criminal Contempt – Third Element

The third element that the government must prove beyond a reasonable doubt is that Mr. Munshani committed the contemptuous act willfully and knowingly. "Willfully" means that in performing the act Mr. Munshani knew that what he was doing was a violation of law. The word "knowingly" means that Mr. Munshani realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.[15] In other words, to sustain its burden of proving criminal contempt, the government must prove that Mr. Munshani knew that his acts were wrongful and that he nevertheless voluntarily and intentionally committed the acts.

If you find that the government has not proven this element of criminal contempt beyond a reasonable doubt, you must find Mr. Munshani not guilty of these charges.

---

[15] Pattern Federal Criminal Jury Instructions for the Seventh Circuit, Instruction No. 4.06, p. 52 (1998).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

### Criminal Contempt – Fourth Element

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Munshani's alleged misbehavior obstructed the administration of justice. To satisfy this element, the government must prove that Mr. Munshani's actions disrupted or interfered with court proceedings or the orderly process of the administration of justice.[16]

Examples of such obstruction have included disruptive words or behavior, an assault by a defendant, refusal of a witness to answer questions, demonstrations by spectators, cursing at a judge, urinating in the courtroom, slapping a co-defendant in open court, threatening a witness just outside the courtroom, and acts "disrupting to quiet and order or actually interrupting the court in the conduct of its business."[17]

---

[16] See United States v. Browne, 318 F.3d 261, 266 (1st Cir. 2003).

[17] See United States v. Browne, 318 F.3d 261, 267 (1st Cir. 2003); see also, id. at 263; United States v. Perry, 116 F.3d 952, 954 (1st Cir. 1997); United States v. Garcia-Pupo, 845 F.2d 8, 10-11 (1st Cir. 1988); Farese v. United States, 209 F.2d 312, 316 (1st Cir. 1954) (quoting Nye v. United States, 313 U.S. 33, 52 (1941)).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

## Obstruction of Justice – Overview

It is a crime for anyone to corruptly endeavor to influence, obstruct or impede the due administration of justice. This offense, as charged in Counts Three and Four of the Indictment, is known as "obstruction of justice."[18]

Mr. Munshani can be found guilty of this offense only if the government proves each and every one of the following three elements of this offense beyond a reasonable doubt:[19]

1. First, that there was a proceeding pending in a federal court at the time alleged in the Indictment;

2. Second, that Mr. Munshani knew that this proceeding was pending; and

3. Third, that Mr. Munshani corruptly influenced, obstructed, or impeded the due administration of justice, or endeavored to do so, in that proceeding.

If you find from your consideration of all of the evidence that any one of these three elements has not been proven beyond a reasonable doubt, then you must find Mr. Munshani not guilty of obstruction of justice as charged.

---

[18] "Obstruction of justice" refers to the conduct barred by the last clause – known as the omnibus clause – of Section 1503 of Title 18 of the United States Code. See, e.g., United States v. Williams, 874 F.2d 968, 977 (5th Cir. 1989), reh'g denied, 878 F.2d 1435 (1989); United States v. Howard, 569 F.2d 1331, 1333-35 (5th Cir.), cert. denied sub nom., 439 U.S. 834 (1978); United States v. Walasek, 527 F.2d 676, 679-80 (3d Cir. 1975); United States v. Solow, 138 F. Supp. 812, 817 (S.D.N.Y. 1956).

[19] Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, No. 6.18.1503B, at 8-219.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

### Obstruction of Justice – First Element

The government must prove three elements beyond a reasonable doubt. The first element that the government must prove beyond a reasonable doubt is that at the time of Mr. Munshani's alleged actions, the lawsuit known as <u>Munshani v. Terago Communications, Inc.</u> was pending in a federal court.

BST99 1432617-4.062948.0012

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21

### Obstruction of Justice – Second Element

The second element that the government must prove beyond a reasonable doubt is that at the time of Mr. Munshani's alleged actions, he knew or had notice of the fact that the lawsuit known as <u>Munshani v. Terago Communications, Inc.</u> was pending in a federal court.

BST99 1432617-4.062948.0012

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

### Obstruction of Justice – Third Element

The third element that the government must prove beyond a reasonable doubt is that Mr. Munshani corruptly influenced, obstructed, or impeded the due administration of justice, or endeavored to do so, in the lawsuit known as <u>Munshani v. Terago Communications, Inc.</u>.

In this context, "corruptly" means more than mere knowledge of consequence.[20] "Corruptly" means to act voluntarily and deliberately with a dishonest, improper, evil or wicked motive with the specific intent to influence, obstruct or impede the due administration of justice.[21]

Similarly, "to influence, obstruct or impede the due administration of justice" means to take some action for the purpose of swaying or changing the outcome of the judicial proceeding involved, or preventing or thwarting in some way any actions likely to be taken in that judicial proceeding.[22]

To "endeavor" means to knowingly and deliberately act, or knowingly and deliberately make an effort that is intended to bring about a desired result. In other words, the government must prove beyond a reasonable doubt that Mr. Munshani acted with the purpose to obstruct justice and affirmatively took a step in that direction.[23]

---

[20] See United States v. Brady, 168 F.3d 574, 578 (1st Cir. 1999).

[21] Several cases have held that the term "corruptly" means that a defendant acted with an improper motive or with an evil or wicked purpose. See, e.g., United States v. Partin, 552 F.2d 621, 641 (5th Cir.), cert. denied, 434 U.S. 903 (1977); United States v. Ryan, 4555 F.2d 728, 734 (9th Cir. 1971); United States v. Halderman, 559 F.2d 31, 115 n. 229 (D.C. Cir. 1976), cert. denied, 431 U.S. 933 (1977).

[22] See, e.g., United States v. Nicosia, 638 F.2d 970, 974-75 (7th Cir. 1980), cert. denied, 452 U.S. 961 (1981); United States v. Harris, 558 F.2d 366, 369 (7th Cir. 1977).

[23] See Brady, 168 F.3d at 578.

If you find that the government has not proven any one of the elements of obstruction of justice beyond a reasonable doubt, you must find Mr. Munshani not guilty of these charges.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

## Jury's Deliberations

There is nothing different in the way a jury should consider evidence in a criminal case from that in which all reasonable persons consider any questions depending upon evidence presented to them. You are expected to use your own good sense and to give the evidence a reasonable and fair interpretation. Keep constantly in mid that it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in this case and my instructions as to the applicable law. Bias, prejudice or preconceived notions have no place in the jury's deliberations.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 24

### The Verdict

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree with it. In other words, your verdict must be unanimous.

It is your duty, as jurors, now to consult with one another with the view of reaching an agreement if you can do so, without violence to your individual judgment. Each of you must decide the case for himself or herself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if you are convinced that it's erroneous. But do not surrender your honest feeling as to the weight or effect of the evidence, solely because of the opinion of your fellow juror or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

As I have said, your verdict is required to be unanimous. Your deliberations are to be conducted in secret. You are not to disclose to anyone outside the jury room how you stand. You are not to disclose your verdicts to anyone until they are announced in open court.

If you find it necessary to communicate with me for any reason, you are to do so by a writing signed by the foreman. The foreman will deliver the written communication to the Deputy U.S. Marshal who will see to it that it is delivered to me.

To avoid confusion and unnecessary delay in your deliberations, I suggest that you avoid having two or more jurors speaking at the same time. Take turns giving your views, and listen carefully to the views of others.

When you have reached your verdict, the foreman will inform the Deputy U.S. Marshal that the jury is ready to report. He will then notify the court, and the court will reconvene to receive your verdict.

I have concluded my instructions. I pause to permit counsel to approach the bench.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served on the following this 3rd day of December 2004 by hand:

>Allison D. Burroughs
>Assistant United States Attorney
>Office of the United States Attorney
>1 Courthouse Way
>Boston, Massachusetts 02210

>_____
>Mark W. Pearlstein